UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sheila Potocnik,<br><br>      Plaintiff,<br><br>v.<br><br>Walter Carlson, acting in his individual capacity as a Sergeant for the City of Minneapolis Police Department; City of Anoka; City of Bloomington; City of Brooklyn Center; City of Coon Rapids; City of Minneapolis; John and Jane Does (1-500), acting in their individual capacity as supervisors, officers, deputies, staff, investigators, employees or agents of the other law-enforcement agencies; and Entity Does (1-50), including cities, counties, municipalities, and other entities sited in Minnesota and federal departments and agencies,<br><br>      Defendants. | Civ. No. 13-2093 (PJS/JJG)<br><br><br>PROTECTIVE ORDER |

JEANNE J. GRAHAM, United States Magistrate Judge

    This matter is before the undersigned on Defendant City of Minneapolis's Second Motion for Protective Order (ECF No. 94). After oral argument on other motions, the Court asked Plaintiff Sheila Potocnik and Defendant City of Minneapolis ("Minneapolis") each to submit a proposed protective order, which the Court received. In its September 10, 2014 Order ruling on those earlier motions, the Court requested supplemental letter briefing from Plaintiff and Minneapolis on what issues, if any, remained with respect to Minneapolis's Second Motion for

Protective Order. (Order 5, Sept. 10, 2014, ECF No. 104.) These letters indicate that issues do remain.

Minneapolis argues that the identities of law enforcement officers who accessed Plaintiff's information should remain confidential unless or until the Court grants Plaintiff's motion to amend her complaint. (Minneapolis's Letter 1, Sept. 11, 2014, ECF No. 105.) Specifically, Minneapolis asks that, should Plaintiff move to amend her complaint, Plaintiff should use officers' initials, rather than their full names, to identify them as additional defendants in her motion to amend her complaint. (*Id.*) In addition, Minneapolis requests that the Court consider certain employment data and information in city documents to be confidential, and proposes that the parties redact certain personal information, such as dates of birth and social security numbers, from all records produced in discovery. (*Id.* at 2.) Finally, Minneapolis urges the Court to refrain from ruling on whether the Minnesota Government Data Practices Act ("MGDPA") applies to discovery in this matter and instead simply to exercise its authority to issue a protective order under Fed. R. Civ. P. 26(c) which is informed by privacy statutes like the MGDPA. (*Id.* at 3.)

Plaintiff asks the Court to rule that the MGDPA does not apply to discovery in civil actions in federal court and that the names of individuals who accessed Plaintiff's motor vehicle records not be treated as confidential information. (Pl.'s Letter 2, 4, Sept. 11, 2014, ECF No. 106.) Plaintiff also notes that, because only the Department of Public Safety ("DPS") holds information about one employee of the Department of Corrections who accessed Plaintiff's information, she will need additional time beyond the December 31, 2014 deadline for motions seeking to amend the pleadings or to add parties in order to timely add this individual to her complaint. (*Id.* at 4-5.)

The Court, having carefully reviewed the parties' proposed protective orders and the arguments presented in their letter briefs, is persuaded that a protective order is necessary here.

With respect to the applicability of the MGDPA in this case, the Court notes that other courts in this District have held that the MGDPA does not apply to civil discovery in federal court because the Federal Rules of Civil Procedure govern federal civil proceedings. *See, e.g.*, *Her v. Paulos*, Civ. No. 11-808, 2012 WL 6634777, at *5 (D. Minn. Dec. 20, 2012) ("Defendants may not refuse discovery requests where the information is reasonably calculated to lead to the discovery of admissible evidence on the grounds that the MGDPA prevents its disclosure." (citation omitted)); *Scheffler v. Molin*, Civ. No. 11-3279, 2012 WL 3292894, at *4 (D. Minn. Aug. 10, 2012) ("The MGDPA tells Minnesota government authorities what information they must and must not disclose when a request is made under the MGDPA. What it does not do is trump the Federal Rules of Civil Procedure, which define what information is discoverable in a federal lawsuit such as this."). Although the Court recognizes that the Federal Rules govern discovery in this dispute, the Court notes the importance of the interests the Minnesota Legislature seeks to protect through the MGDPA. Because the Court sees value in requiring a judicial check before a government agency releases private information, it declines to hold that the privacy interests protected by the MGDPA are completely inapplicable in federal court. Much as individuals benefit from judicial approval of a warrant before police may conduct a search or seizure, so too is the public protected when the judiciary checks the release of private information held by a government agency, even when the information is relevant to a case.

In addition, the Court does not rule on Plaintiff's concern that she may not be able to obtain the name of an individual who accessed her information in time to amend her complaint by the current deadline for motions to amend the pleadings or to add parties (*see* Pretrial Scheduling Order 4, July 17, 2014, ECF No. 59). At this point, Plaintiff's concern is purely speculative.

Should either party find that they need additional time to conduct discovery before a Court-imposed deadline, they are free to bring a motion to amend the Pretrial Scheduling Order.

Therefore, Minneapolis's Second Motion for Protective Order (ECF No. 94) is **GRANTED**. The Protective Order set forth below shall govern the disclosure of confidential information in this case.

**IT IS HEREBY ORDERED** that confidential information shall be disclosed only in the following ways:

1. As used in the Protective Order, these terms have the following meanings:

    a. "Attorneys" means the undersigned counsel of record;

    b. "Documents" are all materials within the scope of Fed. R. Civ. P. 34;

    c. "Confidential" documents are documents designated pursuant to paragraph 2;

    d. "Qualified persons" means those individuals listed in paragraph 5.

    e. "Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys;

    f. "Written Assurance" means an executed document in the form attached as Exhibit A.

2. A party may designate documents as "Confidential" to protect information within the scope of Fed. R. Civ. P. 26(c) or the MGDPA, including the following:

    a. Personnel records of employees whose employment falls under Minn. Stat. § 13.43, subd. 5 and 5a (undercover law enforcement officer, employees of a secure treatment facility or a state correctional facility, or employees of the Department of Corrections who are directly involved in supervision of offenders in the community);

    b. Personal and sensitive law enforcement records involving non-parties to this action; and

    c. Internal Affairs Department investigative records, except active investigations.

3. Except for information about employees whose work falls under Minn. Stat. § 13.43, subd. 5 and 5a, the following data shall not be considered "Confidential" by the parties because the MGDPA classifies this information as public data (*see* Minn. Stat. § 13.43, subd. 2(a)):

    a. An employee's name;

    b. An employee's job title and description;

    c. An employee's education and training background and previous work experience;

    d. The existence and status of any complaints or charges against the employee, even if the complaint or charge does not result in discipline;

    e. The final disposition of discipline, together with the specific reason for the discipline and data documenting the basis of the discipline;

    f. An employee's work location; and

    g. An employee's work telephone number.

4. A party producing documents subject to this Protective Order may exclude or redact the following information:

    a. Dates of birth;

    b. Social security numbers;

    c. Home addresses;

    d. Home or personal phone numbers;

    e. Physical identification data;

    f. Driver's license numbers; and

    g. Medical and psychological data.

5.      Confidential materials (including portions of deposition transcripts that are designated as "Confidential") or information derived therefrom may be disclosed or made available by counsel only to "Qualified Persons" as defined herein. "Qualified Persons" are:

   a. The Court and its staff;

   b. Attorneys, their law firms, and their Outside Vendors;

   c. Persons shown on the face of the document to have authored or received it;

   d. Court reporters retained to transcribe testimony;

   e. The parties;

   f. Outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, or to give testimony in this action.

6.      All "Confidential" documents, along with the information that has been derived from them, shall be used solely for this action, and no person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those specified in paragraph 5. Any other use is prohibited.

7.      Third parties producing documents in the course of this action may also designate documents as "Confidential," subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Confidential" for a period of fourteen (14) days from the date of their production, and during that period any party may designate such documents as "Confidential" pursuant to the terms of the Protective Order.

8. All depositions or portions of depositions taken in this action that contain confidential information may be designated as "Confidential" and thereby obtain the protections accorded other "Confidential" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within ten (10) days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the ten-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

9. Nothing in this Protective Order shall be construed as waiving any objections that the parties may raise as to the discoverability of any information which may or could be construed as falling within the ambit of this Protective Order.

10. Each person appropriately designated pursuant to paragraph 5(f) to receive "Confidential" information shall execute a "Written Assurance" in the form attached as Exhibit A.

11. Any party who inadvertently fails to identify documents as "Confidential" shall have ten (10) days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents. Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents within the corrected designation.

12. Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return

such inadvertently produced documents, including all copies, within ten (10) days of receiving such a written request. The party returning such inadvertently produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

13. Any party may object to or request a change in the designation of any information designated "Confidential." Any such document shall be treated as designated "Confidential" until the parties agree to the changed designation or the Court orders the changed designation. If the requested change in designation is not agreed to within seven (7) days, the party seeking the change may move the Court for appropriate relief, providing notice to the producing party of the motion and to any third party whose designation of produced documents as "Confidential" in the action may be affected. The party asserting that the material is "Confidential" shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

14. Documents marked "Confidential" will be filed under seal. If either party wishes to file such documents in the Court without seal, that party will provide notice of intent to file or use such documents to the Court and the other party. The party receiving the notice shall then have ten (10) days to provide the Court with a request that such documents be filed under seal. If no such request is received, the party providing notice shall file the documents. If such notice is received, the Court may, in its discretion, order such documents to be filed under seal.

15. A party's designation of material as protected pursuant to this Protective Order cannot be used as the sole basis for filing material under seal in connection with a dispositive or trial-related motion. Only those portions of a party's submission which otherwise meet the requirements of protection from public filing under the attorney-client privilege, work-product doctrine, or standards articulated in Fed. R. Civ. P. 26(c)(1) shall be filed under seal. The parties

shall meet and confer before filing documents or memoranda described in this paragraph to ensure that only the minimum amount of material the parties ask the Court to consider will be filed under seal.

16. If a party files with the Court a document containing "Confidential" information, it shall do so in compliance with the Electronic Case Filing Procedures for the District of Minnesota. Prior to disclosure at trial or a hearing of materials or information designated "Confidential," the parties may seek further protections against public disclosure from the Court.

17. Any material filed under seal for the Court's consideration shall include a hand-delivered copy to chambers.

18. Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

19. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

20. There shall be no reproduction whatsoever of documents marked "Confidential" except that as required for the purposes specified in this Protective Order. Copies, excerpts, or summaries may be shown or given to Qualified Persons as specified by this Protective Order.

21. Within sixty (60) days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential" and all copies of such documents. In addition, each party shall destroy all extracts or data taken from such documents. Each party shall provide a certification as to such return or destruction within the sixty-day period. However, Attorneys shall be entitled to

retain a set of all documents filed with the Court and all correspondence generated in connection with the action.

22. The obligations imposed by this Protective Order shall survive the termination of this action.

Dated:  September 26, 2014         s/ *Jeanne J. Graham*
                                            JEANNE J. GRAHAM
                                            United States Magistrate Judge

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

_____

| | |
|---|---|
| **Sheila Potocnik,** | **Civ. No. 13-2093 (PJS/JJG)** |
| **Plaintiff,** | |
| v. | **WRITTEN ASSURANCE** |
| **Walter Carlson, acting in his individual capacity as a Sergeant for the City of Minneapolis Police Department; City of Anoka; City of Bloomington; City of Brooklyn Center; City of Coon Rapids; City of Minneapolis; John and Jane Does (1-500), acting in their individual capacity as supervisors, officers, deputies, staff, investigators, employees or agents of the other law-enforcement agencies; and Entity Does (1-50), including cities, counties, municipalities, and other entities sited in Minnesota and federal departments and agencies,** | |
| **Defendants.** | |

_____

_____ declares that: I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____. I am currently employed by _____, located at _____, and my current job title is _____.

11

I have read and I understand the terms of the Protective Order in the above-captioned case pending in the United States District Court for the District of Minnesota. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than thirty (30) days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential," and all copies, excerpts, summaries, notes digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Minnesota for the purpose of enforcing or otherwise providing relief to the Protective Order.

Executed on _____     _____
                Date                                                   Signature