UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SHEILA POTOCNIK,

Plaintiff,

v.

WALTER CARLSON, acting in his
individual capacity as a Sergeant for the City
of Minneapolis Police Department; CITY OF
ANOKA; CITY OF BLOOMINGTON;
CITY OF BROOKLYN CENTER; CITY OF
COON RAPIDS, CITY OF MINNEAPOLIS;
MICHAEL CAMPION, acting in his
individual capacity as Commissioner of the
Minnesota Department of Public Safety;
RAMONA DOHMAN; JOHN AND JANE
DOES (1-500), acting in their individual
capacity as supervisors, officers, deputies,
staff, investigators, employees or agents of
the other law-enforcement agencies;
DEPARTMENT OF PUBLIC SAFETY
DOES (1-30), acting in their individual
capacity as officers, supervisors, staff,
employees, independent contractors or agents
of the Minnesota Department of Public
Safety; ENTITY DOES (1-50), including
cities, counties, municipalities, and other
entities sited in Minnesota and federal
departments and agencies,

Defendants.

Case No. 13-CV-2093 (PJS/HB)

ORDER

Kenneth H. Fukuda, Jonathan A. Strauss, Lorenz F. Fett, Jr., and Sonia Miller-Van Oort,
SAPIENTIA LAW GROUP, PLLC, for plaintiff.

Jon K. Iverson, Susan M. Tindal, and Stephanie A. Angolkar, IVERSON REUVERS
CONDON, for defendants Cities of Anoka, Bloomington, Brooklyn Center, and Coon
Rapids.

Kristin R. Sarff and Andrea Kloehn Naef, MINNEAPOLIS CITY ATTORNEY'S
OFFICE, for defendant City of Minneapolis.

Plaintiff Sheila Potocnik brings claims under the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721 et seq., claims under 42 U.S.C. § 1983, and state-law claims against numerous defendants for unlawfully obtaining, disclosing, and using information contained in her driver's-license record.  This matter is before the Court on the motion of defendant City of Minneapolis for partial judgment on the pleadings[1] and the motion of defendants Cities of Anoka, Bloomington, Brooklyn Center, and Coon Rapids for judgment on the pleadings or, in the alternative, for severance.  For the reasons stated below, Minneapolis's motion is granted in part and denied in part, and the motion of the remaining cities for judgment on the pleadings is granted.

## I.  BACKGROUND

The Court described Potocnik's allegations in a previous order that was issued in connection with an earlier round of motions.  *See Potocnik v. Carlson*, No. 13-CV-2093, 2014 WL 1206403 (D. Minn. Mar. 24, 2014).  Briefly, Potocnik alleges that defendant Walter Carlson, who is a Minneapolis police sergeant, repeatedly accessed Potocnik's driver's-license record and repeatedly harassed her over the phone.  Potocnik filed this action after obtaining an audit from the Minnesota Department of Public Safety showing multiple accesses of her driver's-license record.

---

[1]Minneapolis styles its motion as one for judgment on the pleadings and purports to seek dismissal of all claims against it, *see* ECF No. 42, but Minneapolis makes clear in its briefing that it is not seeking dismissal of timely DPPA claims against it that arise out of the conduct of defendant Walter Carlson, *see* ECF No. 44 at 8 n.4.

## II.  ANALYSIS

### A.  Standard of Review

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is assessed under the same standards as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).  In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  *Id.* at 570.  In assessing the sufficiency of the complaint, a court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

### B.  The DPPA

The DPPA protects from disclosure the "personal information" that a state department of motor vehicles obtains in connection with a motor-vehicle record.  18 U.S.C. § 2721(a).  "[P]ersonal information" includes "information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit ZIP code), telephone number, and medical or disability information . . . ."  18 U.S.C. § 2725(3).

Under the DPPA, it is "unlawful for any person knowingly to obtain or disclose personal information, from a motor vehicle record, for any use not permitted under section 2721(b) . . . ."

18 U.S.C. § 2722(a).  Section 2721(b), in turn, sets out fourteen permissible uses for personal

information contained in driver's-license records.  Permissible uses include "use by any

government agency, including any court or law enforcement agency, in carrying out its

functions . . . ."  18 U.S.C. § 2721(b)(1).  The subject of a motor-vehicle record may sue any

"person who knowingly obtains, discloses or uses [her] personal information, from a motor

vehicle record, for a purpose not permitted under this chapter . . . ."  18 U.S.C. § 2724(a).

### 1.  Statute of Limitations

Claims under the DPPA are subject to a four-year statute of limitations.  *See* 28 U.S.C.

§ 1658(a).  Such claims accrue, and the statute of limitations begins to run, when the plaintiff has

a complete and present cause of action.  *Potocnik*, 2014 WL 1206403, at *12; *Delaney v.*

*Beltrami Cnty.*, No. 14-CV-0358, ECF No. 86.  For Potocnik, this means that any DPPA claim

based on an access that occurred more than four years before she filed this action — that is,

before August 1, 2009 — is time-barred.  The Court therefore grants defendants' motions as to

those claims.

### 2.  Failure to State a Claim

To state a DPPA claim under § 2724, a plaintiff must plead and prove that the defendant

knowingly obtained, disclosed, or used her personal information *and* that he did not have a

permissible purpose for doing so.  *Potocnik*, 2014 WL 1206403, at *4.  Defendants argue that

Potocnik has failed to plausibly allege that they had impermissible reasons for accessing her

driver's-license record.

With respect to Minneapolis, the Court disagrees.  Minneapolis concedes that Potocnik

has alleged plausible DPPA claims against it on the basis of Carlson's conduct.  Indeed, if the

allegations of the complaint are true, Carlson blatantly violated the DPPA.  He not only accessed

Potocnik's record, but he did so in order to stalk and harass her over the telephone.  Carlson is a

Minneapolis police sergeant, and he undoubtedly has many friends and acquaintances on the

Minneapolis police force.  Given the brazen abuse of power described in the complaint (and

assumed to be true for present purposes), it is certainly plausible that Carlson may have told

other officers about his vendetta against Potocnik, and those officers may in turn have accessed

Potocnik's record out of curiosity.  The Court therefore denies Minneapolis's motion as to all

DPPA claims within the statute of limitations.

With respect to the remaining cities, however, the Court agrees that Potocnik has failed to

state a claim.  Anoka accessed Potocnik's record only twice, and each of the remaining

defendants accessed it only once.  Potocnik does not allege any facts connecting these

defendants to Carlson or his vendetta against her, nor are there any other facts suggesting that

these accesses were not for a permissible purpose.  True, Anoka and Coon Rapids accessed

Potocnik's information on the same day.  But there are no allegations connecting these

defendants, and the accesses do not coincide with any allegations regarding Carlson or

Minneapolis.  Given that these are the *only* accesses by these defendants, the fact that they

occurred on the same day is not enough to give rise to a plausible inference that they were not

for a legitimate purpose.  The Court therefore grants the remaining cities' motion as to

Potocnik's DPPA claims.

### C. Remaining Claims

Potocnik also brings § 1983 and state-law invasion-of-privacy claims.  Because Potocnik

has failed to plausibly allege that any city other than Minneapolis accessed her record for an

improper reason, she has also failed to state § 1983 and invasion-of-privacy claims against these defendants.  In addition, the Court dismisses all of these claims — including those against Minneapolis — for the reasons stated in *Potocnik* and *Delaney*.  *Potocnik*, 2014 WL 1206403, at *12-18; *Delaney*, No. 14-CV-0358, ECF No. 86.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.    The motion of defendant City of Minneapolis for judgment on the pleadings [ECF No. 42] is GRANTED IN PART and DENIED IN PART.

    a.    The motion is GRANTED as to all claims under the Driver's Privacy Protection Act that are based on acts that occurred before August 1, 2009. These claims are DISMISSED WITH PREJUDICE.

    b.    The motion is GRANTED as to plaintiff's 42 U.S.C. § 1983 and invasion-of-privacy claims.  These claims are DISMISSED WITH PREJUDICE.

    c.    The motion is DENIED in all other respects.

2.    The motion of defendants City of Anoka, City of Bloomington, City of Brooklyn Center, and City of Coon Rapids for judgment on the pleadings [ECF No. 46] is GRANTED.  All claims against these defendants are DISMISSED WITH PREJUDICE.  Their motion to sever is DENIED AS MOOT.

Dated:  October 21, 2014            s/Patrick J. Schiltz_____
                                        Patrick J. Schiltz
                                        United States District Judge